USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------

UNITED STATES OF AMERICA

      - against -                  07 Cr. 557 (JGK)

WILFREDO SALAS,                     ORDER

            Defendant.
----------------------------------------

JOHN G. KOELTL, District Judge:

    The Court has received the attached letter from the defendant, which it forwards to the parties because it is not clear that the letter was served on the parties. The Court will discuss the letter at the conference currently scheduled for December 14, 2007 at 3:30 p.m.

SO ORDERED.

Dated:    New York, New York
          December 11, 2007

                                      _____
                                      John G. Koeltl
                                    United States District Judge

Wilfredo Salas
Reg. No. 70337-054
Metropolitan Correctional Center
150 Park Row
New York, NY 10007



Honorable Judge John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007


RE: United States v. Wilfredo Salas
    07 Cr. 557 (JGK)

Dear Judge Koeltl,

I am the defendant in the above-entitled action and hereby submit this letter in regards to the unsatisfied representation I have been receiving from my attorney, Ms. Jennifer Brown. I am not receiving the effective representation from her as required under the Sixth Amendment. I have got constitutional violations within my case, to include illegally obtained fruits from an unconstitutional search (unsigned affidavit to support warrant), and evidence that search was conducted before warrant was issued, even though its the same date. There are multiple violations in regards to the wiretap and its fruits, which requires suppression, but my attorney blatantly stated that she is not doing anything I requested. I cannot develop a confidential trust within her in the atmosphere that she has created. We fight, verbally, because nothing I requested of her, has ever been looked into, or attempted to be litigated. The only interest Ms. Brown has in this case is for the entry of a guilty plea. I requested of her assistance in exercising my rights

(1)

under Rule 12(b), to file pre-trial motions and I am being deprived of such rights continuously.

Presently, there is an irreparable conflict between us and to continue with her as my attorney, I would be denied effective representation at trial. I have requested of Ms. Brown to submit two motions on my behalf and she refused, albeit, these motions are non-frivolous and contained Second Circuit authorities on the litigated matters.

I hereby submit these motions pro-se and do request of the Court pursuant to Rule 12(b)(2) of the Fed.R.Crim.P. to accept these motions, which were sent to all parties and to grant me an attorney who is willing to represent me in an effective manner.

I thank your Honor for your kind assistance and great effort.

Respectfully Submitted,

Date: December 6th, 2007

_____
Wilfredo Salas
Reg. No. 70337-054

(2)

United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007                    Case No. 07 Cr. 557

Certificate of Service

I, Wilfredo Salas, deposes and say:

That I have placed in the mail this day, December 6th, 2007, a true and exact copy of a (1) Motion for Bill of Particulars, and (2) Motion to Dismiss for Duplicity, to the following parties:

> The United States Attorney's Office
> ATT: Wilson Leung, Asst. U.S. Attorney
> One Saint Andrew Plaza
> New York, NY 10007

> and

> Ms. Jennifer Brown, Esq.
> Attorney at Law
> 52 Duane Street
> New York, NY 10007

*Wilfredo Salas* (signature)
Wilfredo Salas
Reg. No. 70337-054

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X
UNITED STATES OF AMERICA

                        CASE No. 07 Cr 557 (JGK)

V.

WILFREDO SALAS

    DEFENDANT
---------------------------------X

## MOTION FOR BILL OF PARTICULARS

COMES NOW the defendant in the above-entitled action, Wilfredo Salas, by his counsel, and hereby moves this court pursuant to Rule 7(f), to order the government to furnish him a bill of particulars as defendant has no idea what he is to prepare to defend against.

See Memorandum of Law, attached hereto.

WHEREFORE, defendant through counsel, moves this Court to grant him the relief he requests.

Respectfully submitted,

Date: November 7, 2007

Wilfredo Salas

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

---------X

UNITED STATES OF AMERICA

V.                                    CASE No. 07 Cr. 557 (JGK).

WILFREDO SALAS

    DEFENDANT
---------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR BILL OF PARTICULARS

Wilfredo Salas by his counsel, hereby submits the following Memorandum of Law in support of his motion for a bill of particulars.

The purpose of a Bill of Particulars is to inform the defendant of the nature of the charge against him or her so that the defendant may prepare his or her defense, avoid or minimize the danger of surprise and lay a predicate for a plea for double jeopardy should the defendant subsequently be prosecuted for the same offense.

Whatever evidence the Government introduces at trial, the defendant is sure to be surprised because the defendant is totally unaware of a conspiracy as alleged in the indictment. A Bill of Particulars "is one method open to a defendant in a criminal case to secure details of a charge against him." 1 C.Wright, Federal Practice and Procedure: Criminal 3d § 129 at 647 (1999). Moreover, the defendant is presumed to be innocent and therefore he must be presumed ignorant of the facts on which the charges are based." Id at 657 (emphasis added). As Judge Whittaker (later U.S. Supreme Court Justice) concluded, the principal is elementary, fundamental and inescapable. United States v. Smith, 16 F.R.D. 372,375 (W.D.Mo 1954).

If the government could satisfy their obligation that "he knows what he did", the presumption of innocence would be destroyed, for only if he is presumed guilty could he know the facts and details of the crime. Instead of being presumed guilty, he is presumed innocent Being presumed innocent, it must be assumed that he is ignorant of the facts on which the pleader found his charges.

1.

Case 1:07-cr-00557-JGK   Document 27   Filed 12/17/2007   Page 7 of 12

As the Second Circuit has observed, "Rule 7(f) permits a defendant to seek a Bill of Particulars in order to identify with sufficient particularity the nature of the charges pending against him, thereby enabling [him] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy, should he be prosecuted a second time for the same offense. United States v. Bortnovsky, 820 F2d 572, 574 (2d Cir 1987)(reversing convictions for failure to provide particulars), United States v. Davidoff, 845 F2d 1151, 54 (2d Cir 1988)(same). Thus, the issue on a motion for bill of particulars is not what the defendant knows or should know, but what the grand jury has charged and the government intends to prove. United States v. Allegria, 1991 WL 238223 at * 12-13 (SDNY Nov 6 1991)(motion for new trial granted and conviction reversed based on government's failure to provide accurate particulars ordered by court).

A Bill of Particulars properly includes clarification of the indictment. Ramirez 54 F.Supp 2d at 30. Its purpose is to secure facts not legal theories. Rose v. United States, 149 F.2d 755,758 (9th Cir 1945). The indictment herein of Wilfredo Salas, gives scant information with respect to what he must prepare to defend against. As such, it is submitted that the Government should be directed to provide the following particulars to the defense:

(A) The basis for the allegation that a conspiracy began in or about early 2007, up to and including on or about June 4, 2007, and the dates on which each alleged co-conspirator is alleged to have joined the conspiracy charged. Ramirez 54 F.Supp at 30, (requiring disclosure of the approximate date on which each defendant joined the charged conspiracy).

(B) Where the government alleges that the conspiracy was formed and any meeting or discussions in connection with that conspiracy.

(C) Date on which the alleged conspiracy was formed, as the indictment only stated early 2007 and such information is scant for the defendant to prepare his defense.

2.

(D) Identify place and dates of conspiracy to distribute fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack", in violation of Title 21 U.S.C. § 812, 841(a)(1) and 841(b)(1)(A).

(E) State location where defendant allegedly delivered a quantity of cocaine to customer on or about May 3, 2007, as alleged in overt acts and what quantity of cocaine did he allegedly delivered such date, place and time.

(F) Specify all overt acts the government alleged that the defendant engaged in, to the furtherance of the alleged conspiracy, to include the ones not identified in the indictment. See United States v. Dioguard 332 F.Supp 7, (SDNY 1971); United States v. Pilnick, 267 F.Supp 791 (SDNY 1967)(Weinfeild, J.) (government is required to disclose all known overt acts intended to be used at trial), and Hubbard, supra, (prosecution is required to disclose acts of coconspirators).

(G) Specify the date defendant Salas joined the alleged conspiracy and the date the alleged conspiracy was terminated.

   This information is necessary for the defendant to prepare for trial and to plea double jeopardy, and to gain an understanding of the scope of the alleged conspiracy. Whatever evidence the government introduces at trial, the defendant is sure to be surprised.

   WHEREFORE, defendant Wilfredo Salas, through counsel, moves this court to order the Government to furnish the defense a Bill of Particulars as requested herein.

                                          Respectfully submitted,

Date: November 7, 2007.
                                          _____
                                          Wifredo Salas

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X
UNITED STATES OF AMERICA

      v.                      Case No. SI 06 Cr. 911 (JGK)

WILFREDO SALAS                NOTICE OF MOTION
    DEFENDANT
---------------------------------X

    PLEASE TAKE NOTICE that upon the annexed duly sworn affirmation of Wilfredo Salas, dated December 10, 2007, and upon all of the pleadings and proceedings had in this case, the undersigned will move before the Honorable John G. Koeltl, United States District Judge, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, on a date selected by the Court for an order:

(1) Pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure to dismiss the indictment against him for the reasons that the indictment is void for duplicity and leaves the defendant uncertain of what to defend himself against.

    See Memorandum of Law, attached hereto.

    WHEREFORE, the defendant, Wilfredo Salas, hereby moves this Court for an ordef, the pre-trial relief herein sought, or any other relief the court deems fair and just.

                                                      Respectfully submitted,

Date: December 10th, 2007

                                                                    Wilfredo Salas

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

WILFREDO SALAS
    DEFENDANT

Case No. SI 07 Cr. 557 (JGK)

MEMORANDUM OF LAW IN SUPPORT
OF MOTION

COMES NOW the defendant in the above-entitled cause, Wilfredo Salas, and would show this Court the following in support of his motion to dismiss the indictment:

## DUPLICITY

Count one purports to charge "in violation of section 812, 841(a)(1), and 841(b)(1)(A) of Title 21 U.S.C., likewise, a violation of section 848 of Title 21 U.S.C. Such act is prohibited and the defendant should not be taken to trial on such duplicity charge. The defendant now request of the court to grant him the relief sought.

The law is clear in the Second Circuit that each seperate offense must be charged in seperate counts, See United States v. Sturdivant, 244 F.3d 71,75 (2d Cir 2001)(count of indictment charging one drug count for two seperate drug transactions duplicitous because transaction not connected by conspiracy). Indictments charging two or more distinct offenses in a single count are duplicitous. See United States v. Starks, 515 F.2d 112,116 (3d Cir 1975). It is the charging of more than one crime in a single count.

Title 21 U.S.C.§§ 841(a)(1), 841(b)(1)(A) and **Title 21 U.S.C. § 846** are two distinct and entirely seperate criminal offenses charged **in the only count** on SI 07 Cr.557. Conspiracy is a crime seperate and apart from the substantive offense that is the object of the conspiracy.

1

A duplicitous indictment could lead to prejudicial evidentiary rulings, because evidence admissible on one offense could be inadmissible on the other. See e.g. United States v. Schei, 122 F.3d 944, 977. It is elementary that conspiracy is a crime separate and distinct from the substantive offense. See United States v. Feola, 420 U.S. 671,694 (1975). Conspiracy requires proof of (1) an agreement among the conspirators to commit an offense; (2) specific intent to achieve the objective of the conspiracy; and (3) usually, an overt act to effect the object of the conspiracy.

Section 841, 21 U.S.C. clearly stated in pertinent part that "it shall be unlawful for any person knowingly or intentionally-- (1) to manufacture, distribute, or possess with intent to distribute or dispense, a controlled substance."

Thus under § 841, one person can be found liable for violating such statute, but not under § 846, which requires two or more persons to form an agreement. A defendant may wish to testify in his own behalf on one of the offenses, but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither. United States v. Jordan, 112 F.3d 14 (1st Cir 1997). Proof that a defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a seperate trial for the second offense.

The vice of duplicity charge is that it risk to impair a defendant's rights to notice of the charges against him. United States v. Crisi, 273 F.3d 235,238 (2d Cir 2002). See also 8 Moores Federal Practice 8.03 at 8-6 (2d ed. 1979)(discussing duplicity). Important policy consideration underlie the rule that two or more distinct crimes should not be alleged in a single count of an indictment.

If an indictment is duplicitous, a general verdict of guilt will not reveal whether the jury found the defendant guilty of only one crime and not the other or guilty of both. See United States v. Gore, 154 F.3d 34 (2d Cir 1998). The Gore Court distinguished the difference between the conspiracy count and the substantive count which were

charged seperately, and which the court found that the evidence was insufficient for a conviction of the conspiracy count to stand, but was sufficient for a conviction of the substantive offense, which is the charge under § 841.

The fact that a conspiracy charge is a distinct crime from the substantive act, which is the distribution and possess with intent to distribute, such counts should be charged seperately as required under Fed.R.Crim.P. 8(a). Defendant now contends that the charging of these two seperate and distinct crimes in count eight is duplicitous and such should be dismissed.

## CONCLUSION

Rule 12(b)(2) of the Federal Rules of Criminal procedures, governing pre-trial motions provides that "[a]ny defense, objections or request which is capable of determination without trial of the general issue may be raised before trial by motions." Any objections or defenses not raised before trial, will be considered waived.

WHEREFORE, the defendant request of this Court to grant the relief sought herein, or any other relief the Court deems fair and just.

Respectfully submitted,

Date: December 10th, 2007

_____
Wilfredo Salas