UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

     v.                                                                    07 CR. 557 (JGK)

WILFREDO SALAS,                                **Affidavit**

                Defendant.
------------------------------------------------------------X

State of New York      )
                             ) ss.:
County of New York   )

       WILFREDO SALAS, being duly sworn, deposes and says:

       1.     I am the defendant in the above-captioned case in which I have been charged with conspiracy to distribute and intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 812, 841 and 846. I was arrested on June 4, 2007, and have been in custody since my arrest.

       2.     This affidavit is submitted in support of my motion to suppress any and all evidence obtained through electronic wiretapping and surveillance. Similarly, the physical evidence that the Government obtained as a result of information gleaned from its unlawful wiretaps must also be suppressed.

       3.     As will be discussed in greater detail below, throughout its investigation, the Government used information that it obtained pursuant to tainted wiretaps to obtain additional electronic surveillance and physical evidence that must now be suppressed as fruits of the poisonous tree.

**The Kaleta Affidavit**

4. Joseph Kaleta, a Special Agent with the Drug Enforcement Agency ("DEA"), filed an affidavit, dated April 4, 2007, in support of an application for authorization to intercept wire communications pursuant to 18 U.S.C. §2518, for the cell phone assigned call number (347) 776-2357. I was using that phone number.

5. A cooperating witness ("CW") who had allegedly been a "wholesale supplier of cocaine to various retail distributors in New York City" claimed that he had become familiar with me through his former business. However, the cooperating witness admitted that he had never made any drug transactions with me. Despite never engaging in any illegal activity with me, the CW further claimed that I would "freely discuss [my alleged] narcotics business[]" with him. ¶15(a).

6. The CW is currently cooperating with the government in hopes of receiving a more lenient sentence. *Id.* at fn. 5.

7. Agent Kaleta also stated that I had requested that the CW supply me with cocaine. However, it took the CW several phone calls before I would agree to meet with him. ¶16(c).

8. Agent Kaleta identified PHILLIP CASANOVA as my cousin and alleged that I was working for my brother, MICHAEL SALAS, and cousin in a family-run narcotics operation. ¶¶17-18. CASANOVA and I are not related to each other either by blood or through marriage.

9. According to Agent Kaleta, on or about December 28, 2006, I used my cell phone to contact a "Karl Watson." Kaleta identifies Karl Watson as an associate of a "Mexican drug cartel kingpin who is helping the kingpin manage the cartel while the

kingpin is in a Mexican prison." ¶19(d). At no time have I ever intentionally telephoned a "Karl Watson." I do not know anyone by the name of Karl Watson. I also have not knowingly been involved with anyone who is either associated with or a member of a Mexican drug cartel.

10. Agent Kaleta's assertion that other investigative means would not be fruitful is neither accurate nor sufficient.

**The Daly Affidavit**

11. DEA Special Agent Matthew Daly filled an affidavit, dated April 26, 2007, in support of an application for authorization to intercept wire communications pursuant to 18 U.S.C. §2518, for the cell phone assigned call number (347) 472-8016, registered to "Thill Miranba Updated Acct Sg" of P.O. Box 55026, Irvine, CA 92619. Agent Daly alleged that this cell phone was used by PHILLIP CASANOVA. ¶18.

12. Agent Daly wrongfully identified PHILLIP CASANOVA as my cousin. *Id.* See also ¶8 above.

**The Search Warrant**

13. On the basis of Agent Kaleta's second affidavit, dated June 4, 2007, United States Magistrate James Orenstein of the Eastern District of New York, issued a search warrant for my residence at 95-09 Jamaica Avenue, 1R, Woodhaven, New York, and closed containers and items contained therein.

14. This Search Warrant does not provide any particularized description of the area to be searched or of the items expected to be recovered.

## CONCLUSION

Based upon the facts alleged above and the accompanying memorandum of law submitted by my attorney, I respectfully request that the Court issue an order (1) suppressing all electronic surveillance evidence and the fruits thereof obtained in violation of 18 U.S.C. § 2518 and the Fourth Amendment to the United States Constitution, or alternatively, (2) mandating an evidentiary hearing to address the issues raised by the instant motion to suppress.

Dated:   New York, New York
         May 23, 2008

_____
Wilfredo Salas