UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

      v.                                             07 CR. 557 (JGK)

WILFREDO SALAS,                        **NOTICE OF MOTION**

               Defendant.
-------------------------------------------------------X

PLEASE TAKE NOTICE, that defendant WILFREDO SALAS, by his attorney, Avrom Robin, and upon the annexed affirmation and all papers and proceedings in this case, moves this Court, before the Honorable John G. Koeltl, United States District Court Judge, at the United States Courthouse, located at 500 Pearl Street, New York, New York for an Order:

1.  Suppressing all electronic surveillance evidence and the fruits thereof, pursuant to Fed. Rules of Crim. P. 12(b)(3)(C), on the grounds that they were recorded in violation of federal law and the Fourth Amendment to the United States Constitution;

2.  Suppressing any and all evidence recovered from the residence at 9509 Jamaica Avenue, Apartment 1R, Woodhaven, New York and the containers and closed items;

3.  Suppressing any and all evidence of statements attributable to defendant allegedly made during and/or subsequent to his encounter with the police on June 4, 2007;

4.  Granting a Bill of Particulars, pursuant to Federal R. Crim. P. 7(f);

4.  Granting WILFREDO SALAS such other, further and different relief as this Court may deem just, equitable and proper.

Dated: May 23, 2008
New York, New York

                                                    Respectfully submitted,

                                                    _____/s/ filed via ECF_____
                                                    AVROM ROBIN
                                                    Law Offices of Ira D. London
                                                    Attorney for the Defendant
                                                   Wilfredo Salas
                                                   245 Fifth Avenue, Suite 1900
                                                   New York, New York 10016
                                                   (212) 683-8000

To: United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York  10007
ATTN:  DAVID B. MASSEY, A.U.S.A.

Clerk of the Court
United States District Court
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

     v.                                           07 CR. 557 (JGK)

WILFREDO SALAS,

           Defendant.
-------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
WILFREDO SALAS'S MOTION
TO SUPPRESS ALL WIRETAP EVIDENCE AND
ANY FRUITS OBTAINED THEREOF


LAW OFFICES OF IRA D. LONDON
245 Fifth Avenue
Suite 1900
New York, New York  10016
(212) 683-8000

## TABLE OF CONTENTS

Table of Authorities .................................................................................................... ii

Preliminary Statement ..................................................................................................1

Statement of Facts .......................................................................................................1

POINT I

THE GOVERNMENT'S ELECTRONIC SURVEILLANCE
EVIDENCE SHOULD BE SUPPRESSED BECAUSE ITS
APPLICATIONS FOR AUTHORIZATION VIOLATED
TITLE III AND THE U.S. CONSTITUTION BY FAILING
TO ESTABLISH PROBABLE CAUSE THAT ANY
CRIME WAS BEING COMMITTED..................................................................................1

    A.    *The Wiretap Applications Did Not Establish Probable Cause
To Believe There Was a Conspiracy to Distribute Cocaine* ...................................2

          1.    *The Necessity Requirement Was Not Met in the Instant Case* ....................3

          2.    *The Minimization Requirement Was Not Met* ...............................................4

    B.    *Defendant's Private Conversations Were "Unlawfully Intercepted"* .....................5

    C.    *As an Aggrieved Person, Defendant Is Entitled to Suppression* .............................6

    D.    *Electronic And Physical Evidence Obtained By The Government
As A Result Of Tainted Information From Prior Unlawful Wiretaps
Must Be Suppressed As The Fruits Of The Poisonous Tree* ....................................6

POINT II

THE SEARCH OF MR. SALAS' RESIDENCE WAS
CONDUCTED IN VIOLATION OF THE FOURTH AMENDMENT .............................7

    A.    *General Warrants Are Not Permissible Under
the Fourth Amendment* ................................................................................................8

Conclusion .................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Berger v. New York*, 388 U.S. 41, 52 (1967) ...................................................................2, 5

*Franks v. Delaware*, 438 U.S. 154 (1978) ..................................................................1, 8, 9

*Maryland v. Garrison,* 480 U.S. 79 (1987) ..........................................................................8

*Payton v. New York*, 445 U.S. 573 (1980) ..........................................................................8

*Stanford v. Texas*, 379 U.S. 476 (1965) ..............................................................................8

*United States v. Ashley*, 876 F.2d 1069 (1st Cir.1989) ......................................................4

*United States v. Chavez*, 416 U.S. 562 (1974) ...................................................................6

*United States v. George*, 975 F.2d 72 (2d Cir. 1992) ........................................................8

*United States v. Giordano*, 416 U.S. 505 (1974) ..................................................2, 3, 4, 6, 7

*United States v. Lilla,* 699 F.2d 99 (2d Cir. 1983) ..........................................................3, 4

*United States v. Tortorello,* 408 F.2d 764 (2d Cir.1973) ....................................................5

*Wong Sun v. United States*, 371 U.S. 471 (1963) ...............................................................7

**Statutes**

U.S. Const. Amend. IV ...........................................................................................1, 2, 6, 7, 8

18 U.S.C. § 2515 ....................................................................................................................7

18 U.S.C. § 2516 ....................................................................................................................2

18 U.S.C. § 2518(1)(b)(i) .......................................................................................................2

18 U.S.C. § 2518(10)(a)(i) ..................................................................................................1, 5

18 U.S.C. § 2518(10)(a)(ii) ....................................................................................................1

18 U.S.C. § 2518(3)(a) ...........................................................................................................2

21 U.S.C. § 841(a)(1) .............................................................................................................2

21 U.S.C. § 841(b)(1) .............................................................................................................2

21 U.S.C. § 846 ......................................................................................................................2

**Preliminary Statement**

This memorandum of law is submitted on behalf of Defendant Wilfredo Salas in support of a pretrial motion for an order (1) suppressing all electronic surveillance evidence and the fruits thereof obtained in violation of 18 U.S.C. § 2518 and the Fourth Amendment to the United States Constitution, or alternatively, (2) mandating an evidentiary hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), on the issue of whether suppression is appropriate because of the false statements and omissions contained within the affidavits supporting the government's applications for electronic surveillance.

**Statement of Facts**

The facts of this case are set forth in the accompanying affidavit of Wilfredo Salas and will not be repeated herein.

POINT I

THE GOVERNMENT'S ELECTRONIC
SURVEILLANCE EVIDENCE SHOULD BE
SUPPRESSED BECAUSE ITS APPLICATIONS FOR
AUTHORIZATION VIOLATED TITLE III AND
THE U.S. CONSTITUTION BY FAILING TO
ESTABLISH PROBABLE CAUSE THAT ANY
CRIME WAS BEING COMMITTED.

The Government's wiretap applications failed to establish probable cause to believe a crime had been, was being, or was about to be committed. The applications were thus insufficient on their face and the communications erroneously "authorized" were unlawfully intercepted. *See* 18 U.S.C. § 2518(10)(a)(i); 18 U.S.C. § 2518(10)(a)(ii). Given these blatant failures to meet the stringent requirements of Title III and the Fourth

Amendment, the Government's electronic surveillance evidence must be suppressed. *See e.g.*, 18 U.S.C. § 2518(10)(a); *Berger v. New York*, 388 U.S. 41, 52 (1967).

To justify the enormous intrusion of privacy, an application for wiretap authorization must include "a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including . . . details as to the particular offense that has been, is being, or is about to be committed." 18 U.S.C. § 2518(1)(b)(i).

Unless a judge can reasonably determine from the application that "there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense" enumerated in 18 U.S.C. § 2516, an order authorizing a wiretap may not lawfully be issued. 18 U.S.C. § 2518(3)(a); *United States v. Giordano*, 416 U.S. 505, 514 (1974) ("Judicial wiretap orders must be preceded by applications containing prescribed information, § 2518 (1) … [and] … [t]he judge must make certain findings before authorizing interceptions, including the existence of probable cause, §2518 (3)").

**A.     *The Wiretap Applications Did Not Establish Probable Cause To Believe There Was a Conspiracy to Distribute Cocaine***

The wiretap applications submitted by the government in this case failed to establish probable cause for any violation under 21 U.S.C. §§ 841(a)(1), 841(b)(1), or 846. To be sure, the Government was not required to conclusively demonstrate that the conversations in question were solely related to any conspiracy, but there must have been more than mere speculation based only on the fact that Mr. Salas was conversing with his brother. *See e.g.*, 18 U.S.C. § 2518(3)(a) (order must be based on probable cause for

2

belief that individual is committing . . . a particular *offense*); *United States v. Giordano*, 416 U.S. at 514 (same).

Agent Kaleta, in his affidavit, stated that Mr. Salas' brother, Michael Salas, had been previously arrested for possession of cocaine. Kaleta Affidavit at ¶18. Agent Kaleta solely relied on Michael's prior history to speculate that Mr. Salas and his brother were using the target cell phone in a drug conspiracy. While the Court granted the wiretap order on the basis of this speculation, there is no evidence that Mr. Salas and his brother ever discussed drug transactions. In fact, the recorded conversations do not include Michael Salas at all.

Agent Kaleta also based his affidavit in part on *one* phone call between Mr. Salas' cell phone and the phone of a "Karl Watson" on December 28, 2006. Agent Kaleta described Karl Watson as "an associate of a Mexican drug cartel kingpin who is helping the kingpin manage the cartel while the kingpin is in a Mexican prison." Kaleta Affidavit at ¶19(d). As stated in his affidavit at ¶9, Mr. Salas does not know a Karl Watson or anyone who might fit the description of an associate of a Mexican drug kingpin. *See* Salas Affidavit.

    **1.**    *The Necessity Requirement Was Not Met*

Congress was certainly leery of the spectre of widespread, routine, and casual executive branch reliance upon electronic surveillance of American citizens. The Second Circuit so observed in *United States v. Lilla,* 699 F.2d 99 (2d Cir. 1983). "These [wiretap] procedures were not to be routinely employed as the initial step in criminal investigation. Rather, the applicant must state and the court must find that normal investigative procedures have been tried and failed or reasonably appear to be unlikely to succeed if

3

tried or to be too dangerous. *United States v. Giordano,* 416 U.S. 505, 515 [1974]." As the First Circuit held, "(b)asically, the government is required to make a reasonable, good faith effort to run the gamut of normal investigative procedure before resorting to means so intrusive as electronic surveillance of telephone calls." *United States v. Ashley*, 876 F.2d 1069, 1072 (1st Cir.1989); internal quotations omitted.

The federal statute requires a "full and complete statement" explaining whether other investigative procedures have been tried and have failed, or appear 'unlikely to succeed' or are 'too dangerous.'" *Lilla, supra,* 699 F.2d at 102- 103. Electronic surveillance is neither a last resort nor an initial investigative step. "The requirement of a 'full and complete statement' regarding procedures attempted or considered prior to the application for a wiretap serves both to underscore the desirability of using less intrusive procedures and to provide courts with some indication of whether any efforts were made to avoid needless invasion of privacy. Like other courts, we reject generalized and conclusory statements that other investigative procedures would prove unsuccessful." *Id.,* 699 F.2d at 104. In the instant case, the agents simply never bothered to conduct a full undercover operation and merely relied on the statements of one confidential witness.

### 2.     *The Minimization Requirement Was Not Met*

18 U.S.C. § 2518(5) provides in part:

> Every order and extension thereof shall contain a provision that the authorization to intercept shall be...conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter.

Failure to comply with the minimization requirements may result in suppression.

> [A] court should not admit evidence derived from an electronic surveillance order unless, after reviewing the monitoring log and hearing the testimony of the monitoring

4

> agents, it is left with the conviction that on the whole the agents have shown a high regard for the right of privacy and have done all they reasonably could to avoid unnecessary intrusion.

*United States v. Tortorello,* 408 F.2d 764, 784 (2d Cir.1973).

In *United States v. Bynum,* 475 F.2d 832 (2d Cir. 1973), the Second Circuit stated on the specific issue of minimization:

> The minimization provision should be seen as requiring a limiting process. Law enforcement officials, under supervision of a Court, must exercise their authority to intercept communications in a manner which will reduce unnecessary monitoring of innocent calls. Procedures must be adopted and followed which will result in a conservation, as best as is possible of the right of privacy within the context of authorized investigatory activities. *See* Berger v. New York, 388 U.S. 41, 53, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967).

360 F.Supp. 400, 409-410 (D.C.N.Y., 1973), *aff'd.,* 485 F.2d 490 (2d Cir.1973), *cert. granted and judgment vacated,* 417 U.S. 903 (1974)], on other grounds.

The government has provided CDs which contain copies of the conversations intercepted pursuant to the warrants. Thousands of intercepted conversations are involved. A preliminary review of the intercepted conversations, reveal that the agents minimized a small percentage of the conversations. In light of the above, the defense requests a hearing to determine this issue.

**B.**     *Mr. Salas's Private Conversations Were "Unlawfully Intercepted"*

Defendant is entitled to suppression under Title III since his conversations were unlawfully intercepted. 18 U.S.C. § 2518(10)(a)(i). A wiretap is "unlawfully intercepted" where it violates the Constitution, or where "there is a failure to satisfy any of those statutory requirements that directly and substantially implement the

5

congressional intention to limit the use of intercept procedures." *Giordano*, 416 U.S. at 527.

**C.**     ***As an Aggrieved Person, Mr. Salas Is Entitled to Suppression***

In view of the government's intrusion into Defendant's constitutionally and statutorily protected privacy, Mr. Salas is entitled to have his unlawfully obtained conversations suppressed under Title III and the Fourth Amendment. Under 18 U.S.C. § 2518(10)(a), "any aggrieved person . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that (i) the communication was unlawfully intercepted; [or] (ii) the order of authorization or approval under which it was intercepted is insufficient on its face [.]" *See United States v. Chavez*, 416 U.S. 562, 571 (1974).

Mr. Salas is an "aggrieved person" since the government has communicated its intention to use wiretaps, which it believes contain Mr. Salas's private conversations, against him at trial and/or he is "a person who was a party to any intercepted wire, oral or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11).

**D.**     ***Electronic And Physical Evidence Obtained By The Government As A Result Of Tainted Information From Prior Unlawful Wiretaps Must Be Suppressed As The Fruits Of The Poisonous Tree***

Throughout its investigation, the government used information that it obtained pursuant to prior tainted wiretaps to obtain additional electronic surveillance and physical evidence that must now be suppressed as fruits of the poisonous tree. Both the government's second wiretap application, supported by an affidavit sworn by Agent Daly, and its request for a search warrant, relied heavily upon conversations and

6

information obtained pursuant to the prior tainted wiretap Order. As such, those subsequent applications – and the conversations intercepted pursuant thereto – are unlawful because they allowed the government to make prohibited derivative use of unlawful evidence and injected tainted facts into the judges' consideration. *See e.g., Giordano*, 416 U.S. at 511 n.2, 531-32, 533 n.19 (suppressing evidence obtained pursuant to wiretap extension orders and pen register applications that detailed the contents of conversations obtained pursuant to earlier tainted order); *see also* 18 U.S.C. § 2515 ("*[N]o part of the contents of such communication and no evidence derived therefrom may be received in evidence* in any trial, hearing, or other proceeding . . . if the disclosure of that information would be in violation of this chapter.") (emphasis added).

Similarly, as discussed in greater detail in POINT II, *supra*, the physical evidence that the government obtained as a result of information gleaned from its unlawful wiretaps must also be suppressed. *See e.g.*, *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (suppressing narcotics seized as a result of statements made by third party during illegal arrest since they had been "come at by exploitation of that illegality").

POINT II

THE SEARCH OF MR. SALAS' RESIDENCE
WAS CONDUCTED IN VIOLATION OF THE
FOURTH AMENDMENT

Government agents conducted a search of Mr. Salas' home June 4, 2007. Although this search was executed pursuant to a search warrant issued by the Honorable James Orenstein of the Southern District of New York on the same date, *see* Search Warrant, at 1 (a copy of which is attached as Exhibit 1 to the Robin Decl.), the warrant

7

was overbroad, acting as a "general warrant" rather than a particularized one, and thereby was rendered unlawful.

**A.**     *General Warrants Are Not Permissible Under the Fourth Amendment*

As the Supreme Court has instructed, "[i]t is familiar history that searches and seizures conducted under the authority of 'general warrants' were the immediate evils that motivated the framing and adoption of the Fourth Amendment." *Payton v. New York*, 445 U.S. 573, 583 (1980). General warrants – authorizing police agents to undertake an indiscriminate rummaging through citizens' personal effects – are prohibited by the Fourth Amendment's command that "no Warrants shall issue [unless] particularly describing the place to be searched, and the persons or things to be seized."

In order to prevent a "wide-ranging exploratory search," *Maryland v. Garrison,* 480 U.S. 79, 84 (1987), the warrant must enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize. *See United States v. George*, 975 F.2d 72 (2d Cir. 1992) (warrant's broad authorization to search for "any other evidence relating to the commission of a crime" was not sufficiently particular to satisfy the Fourth Amendment).

As a result, a search warrant may issue only upon a showing of probable cause to believe that the items described in the warrant are presently in the place authorized to be searched and there must exist reasonable grounds to believe that the specified items are connected to criminal activity. *Franks v. Delaware*, 438 U.S. at 165. The warrant must also describe with specificity both the things to be seized and the place to be searched. *Stanford v. Texas*, 379 U.S. 476 (1965).

## Conclusion

Therefore, for all the reasons listed above, all electronic surveillance evidence and the fruits thereof must be suppressed, or alternatively, (2) an evidentiary hearing should be mandated, pursuant to *Franks v. Delaware*, on the issue of whether suppression is appropriate because of the false statements and omissions contained within the affidavits supporting the government's applications for electronic surveillance.

Dated: May 23, 2008
New York, New York

                                                Respectfully submitted,

                                                ____/s/ filed via ECF_____
                                                AVROM ROBIN
                                                The Law Offices Ira D. London
                                                Attorney for the Defendant
                                                Wilfredo Salas
                                                245 Fifth Avenue
                                                Suite 1900
                                                New York, New York 10016
                                                (212) 683-8000

To: United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York  10007
ATTN:  DAVID B. MASSEY, A.U.S.A.

Clerk of the Court
United States District Court
Southern District of New York