UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

v.                                                                                  07 CR. 557 (JGK)

WILFREDO SALAS,

Defendant.
-------------------------------------------------------X

REPY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT
WILFREDO SALAS'S MOTION TO SUPPRESS ALL WIRETAP EVIDENCE AND
ANY FRUITS OBTAINED THEREOF

LAW OFFICES OF IRA D. LONDON
245 Fifth Avenue
Suite 1900
New York, New York 10016
(212) 683-8000

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................... ii

**A.**     *Mr. Salas Has Standing to Request a Suppression*
         *Hearing Because the Government Has Not Complied*
         *With Its Obligation to Minimize Irrelevant Wiretapping* ........................................1

Conclusion .............................................................................................................................3

i

# TABLE OF AUTHORITIES

**Cases**

*Franks v. Delaware*, 438 U.S. 154 (1978)..................................................................1, 2, 3

*Scott v. United States*, 436 U.S. 128 (1978)........................................................................2

*United States v. Bynum*, 485 F.2d 490 (2d Cir. 1973) .........................................................2

*United States v. Capra*, 501 F.2d 267 (2d Cir. 1974) ..........................................................2

*United States v. Chavez*, 416 U.S. 562 (1974).....................................................................1

**Statutes**

U.S. Const. Amend. IV  ...............................................................................................1, 2, 3

18 U.S.C. § 2510(11) ............................................................................................................1

18 U.S.C. § 2518(10)(a)(i).....................................................................................................1

ii

Mr. Salas submits this Reply Memorandum of Law in response to the Government's Memorandum of Law in Opposition to Defendants' Pretrial Motions ("Gov't Opp."), and in further support of his pretrial motion for an order (1) suppressing all evidence and the fruits thereof obtained in violation of 18 U.S.C. § 2518 and the Fourth Amendment to the United States Constitution, or alternatively, (2) mandating an evidentiary hearing pursuant to *Franks v. Delaware*, on the issue of whether suppression is appropriate because of the false statements and omissions contained within the affidavits supporting the government's wiretap applications.

**A.** *Mr. Salas Has Standing to Request a Suppression Hearing Because the Government Has Not Complied With Its Obligation to Minimize Irrelevant Wiretapping*

The Government's contention that Mr. Salas should not be granted a hearing regarding the lack of minimization procedures because he lacks standing is a misstatement of Mr. Salas' argument. Mr. Salas does not attempt to challenge the minimization procedures utilized regarding the other cell phones – he seeks to challenge the use of the information gleaned from the taps of those phones.

While the government's contention that Mr. Salas has no standing to challenge the minimization procedures used on Casanova's phone, see Government Response at 36, he qualifies as an aggrieved person and most certainly has standing to challenge the use of any illegally obtained information. It is not the minimization procedures but the information obtained that is at issue.

Under 18 U.S.C. § 2518(10)(a), "any aggrieved person . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that (i) the communication was unlawfully

1

intercepted; [or] (ii) the order of authorization or approval under which it was intercepted is insufficient on its face [.]" *See United States v. Chavez*, 416 U.S. 562, 571 (1974).

Mr. Salas is an "aggrieved person" since the government has communicated its intention to use wiretaps, which it believes contain Mr. Salas's private conversations, against him at trial and/or he is "a person who was a party to any intercepted wire, oral or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11).

What is in dispute is whether the government complied with the necessary minimization requirements regarding Mr. Salas' cell phone. While the government correctly stated that, under *Scott v. United States*, 436 U.S. 128 (1978), the proper minimization requirements have not been implicated by a large number of short phone calls – such as under two minutes or less. Gov. Opp. at 37-38. *Scott*, 436 U.S. at 140. *See also United States v. Bynum*, 485 F.2d 490, 500 (2d Cir. 1973) (calls of two minutes or less eliminated from consideration in minimization analysis), *vacated on other grounds*, 417 U.S. 903 (1974); *United States v. Capra*, 501 F.2d 267, 275 (2d Cir. 1974) (considering number of interceptions of conversations over two minutes in determining whether minimization efforts reasonable). Here, however, Mr. Salas objects to the large number of unusually long, irrelevant conversations that the government recorded.

**Conclusion**

For the foregoing reasons, as well as those explained in the opening brief, Mr. Salas respectfully requests a pretrial order (1) suppressing all evidence and the fruits thereof obtained in violation of 18 U.S.C. § 2518 and the Fourth Amendment to the United States Constitution, or alternatively, (2) mandating an evidentiary hearing pursuant to *Franks v. Delaware*, on the issue of whether suppression is appropriate because of the false statements and omissions contained within the affidavits supporting the government's applications for electronic surveillance.

Dated: June 30, 2008
New York, New York

                                              Respectfully submitted,
                                              ____/s/ filed via ECF_____
                                              AVROM ROBIN
                                              The Law Offices Ira D. London
                                              Attorney for the Defendant
                                              Wilfredo Salas
                                              245 Fifth Avenue
                                              Suite 1900
                                              New York, New York 10016
                                              (212) 683-8000

To: United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
ATTN: DAVID B. MASSEY, A.U.S.A.

Clerk of the Court
United States District Court
Southern District of New York